UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JAMES RUOCCHIO and ANN RUOCCHIO, individually and on behalf of their minor daughter, BRIANNA RUOCCHIO,

                                *Plaintiffs,*

-against-

DOHERTY ENTERPRISES, INC., d/b/a PANERA BREAD, PANERA LLC, d/ba/a PANERA BREAD COMPANY and FRESH UNLIMITED, INC., d/b/a FRESHWAY FOODS,

                                *Defendants.*
----------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
2:20-cv-02564 (DG) (JMW)

**A P P E A R A N C E S:**

Paul V. Nunes
**Heisman Nunes & Hull LLP**
69 Cascade Drive, Suite 102
Rochester, NY 14614
*For Plaintiffs James Ruocchio and Ann Ruocchio Individually and on behalf of their minor Daughter, Brianna Ruocchio*

William Marler
R. Drew Falkenstein
**Marler Clark LLP PS**
1012 First Ave, Suite 500
Seattle, WA 98104
*For Plaintiffs James Ruocchio and Ann Ruocchio Individually and on behalf of their minor Daughter, Brianna Ruocchio*

Ashlee Marie Aguiar
David Alan Ernst.
P. Andrew McStay, Jr.
**Davis Wright Tremaine LLP**
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201
*For Defendant and Cross-Defendant Panera LLC*

1

Justin Michael Ginter
Sarah L. Brew
Rachael Dettmann Spiegel
**Faegre Drinker Biddle & Reath LLP**
600 Campus Drive
Fordham Park, NJ 07932
*For Defendant, Third-Party Plaintiff, and Cross-Defendant Fresh Unlimited, Inc. d/b/a Freshway Foods*

Kelly Ann Waters
Thomas E. Lehman
Kimberly Lynn Dorner
**Wood Smith Henning & Berman, LLP**
400 Connell Drive, Suite 100
Berkely Heights, NJ 07922
*For Third-Party Plaintiff Andrew Smith Company, LLC*

**WICKS**, Magistrate Judge:

Plaintiffs James Ruocchio ("James") and Ann Ruochhio ("Ann"), individually and on behalf of their infant daughter, Brianna Ruocchio ("Brianna"), commenced this action against Defendants Panera Bread LLC ("Panera Bread") and Fresh Unlimited, Inc. d/b/a Freshway Foods ("Freshway")[1] on June 9, 2020, alleging that Brianna was injured after consuming contaminated food prepared by a Panera Bread restaurant located at 5272 and 5274 Sunrise Highway, Massapequa, New York. (DE 37 at ¶¶ 1.1-1.5, 4.1.) Plaintiffs alleged that Brianna, at the time of the incident 13 years old, became infected with *E. Coli* O157 from contaminated lettuce supplied by Freshway and used in the food prepared by Panera Bread. (*Id.*) The case later settled in principle.

---

[1] Plaintiffs originally named Andrew Smith Company, LLC ("Andrew Smith") as a defendant who later asserted cross claims against all defendants. (DE 46). Freshway filed a Third-Party Complaint against Andrew Smith. (DE 21). Plaintiffs have since withdrawn their claims against Andrew Smith. (*See* DE 37). Plaintiff's later asserted claims against D'Arrigo Bros. Co. of California ("D'Arrigo") but similarly withdrew their claims against D'Arrigo. (DE 93; Electronic Order dated, September 19, 2021.)

2

On March 8, 2022, the Plaintiffs filed a Motion for Settlement of Minor Claim seeking the Court's approval of a settlement and general release by and between Plaintiffs, Panera, Freshway, Andrew Smith, and D'Arrigo ("Motion for Settlement Approval"). (DE 102; 103-104.) On March 9, 2022, the Motion for Settlement Approval was referred by the Honorable Diane Gujarati to the undersigned.

Upon reviewing the parties' submissions, the Court found the Motion for Settlement Approval was missing an affidavit of the infant's representative as required by CPLR 1208.[2] Therefore, on June 30, 2022, the Court instructed Plaintiffs to supplement their Motion for Settlement Approval to include an affidavit of the infant's representative which addressed the eight numerated factors required pursuant to CPLR 1208(a) and scheduled a hearing on August 1, 2022. (Electronic Order, dated June 30, 2022.) Due to a change in the Court's calendar, the hearing was later adjourned until September 1, 2022. (Electronic Order, dated July 26, 2022.)

On August 10, 2022, Brianna turned 18. As such, one week later Plaintiffs filed a Motion to Vacate Scheduling Order on the grounds that since Brianna had turned 18, and therefore no longer a "minor", she had the legal capacity to accept or reject the settlement offer on her own behalf. (DE 113.) Plaintiffs request that the Court vacate the September 1, 2022, hearing, as Brianna no longer needs the Court's approval to accept the proposed settlement, and Plaintiffs will file a stipulation of dismissal of Plaintiffs' claims against all defendants within 60 days, or upon final payment, whichever is sooner. (*Id.*)

Before an action can be settled by or on behalf of a minor, the parties must seek approval of the Court, which must be embodied in an order, judgment, or decree. *See* Local Civ. R. 83.2.

---

[2] In approving an infant settlement, the Court must follow New York Law, namely CPLR 1208. (*See* Local Civ. R. 83.2.)

3

The Court may only grant leave to settle a minor's claim where the proposed settlement is "fair, reasonable, and adequate, [] comparing the terms of the compromise with the likely rewards of litigation." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (citing *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1078 (2d Cir. 1995)). This obligation is founded on the long-standing principle that such parties "are wards of [the] court." *Neilson*, 199 F.3d at 654.

However, at 18 years of age, the Plaintiff is no longer an infant. *See* CPLR 105(j) ("Infant, infancy. The word 'infant', as used in this chapter, means a person who has not attained the age of eighteen years."). If the plaintiff is not of age, the proposed settlement is merely tentative until approved by the court. *See Rivers v. Genesis Holding LLC*, 812 N.Y.S.2d 301, 304 (N.Y. Sup. Ct. 2006) ("[a] purported settlement of the claim(s) of an infant . . . is tentative until approved by a court pursuant to CPLR 1207, upon compliance with CPLR 1208."). However, once an "infant" plaintiff sheds the cloak of minor, he or she is free to accept, reject or object to the proposed settlement. *See Southerland v. City of New York*, 2006 WL 2224432, at *2 (E.D.N.Y. Aug. 2, 2006) (recognizing that once the plaintiffs were 18 years of age they were able to object to the proposed settlement agreed to while plaintiffs were minors).

Similarly, in the instant case, Brianna is now 18 years old and therefore no longer an infant under New York law. *See* CPLR 105(j). That is, she has reached the "age of majority" or the legal age in the eyes of New York law. *Id.*[3] Accordingly, the Court's approval of the proposed

---

[3] As one progresses to adulthood and turns 18 in New York, in the eyes of the law and society, that person's legal rights and responsibilities change as well for a variety of issues. *See Now That You've Turned 18,* Report of NYSBA Young Lawyers Section, found at https://nysba.org/app/uploads/2019/12/NowThatYouveTurned18Booklet.pdf (providing overview of the changes in rights and responsibilities upon turning 18).

4

settlement here is unnecessary, as Brianna now has the ability to accept or reject the proposed settlement on her own behalf.

Based on the foregoing, the undersigned respectfully recommends that the Court find Plaintiffs' Motion for Settlement Approval moot and that the hearing scheduled for September 1, 2022, is unnecessary and not required by law.

## **OBJECTIONS**

A copy of this Report and Recommendation is being electronically served on counsel. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated: Central Islip, New York
August 25, 2022

Respectfully recommended,

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5