|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>JAMES RUOCCHIO and ANN RUOCCHIO,<br>Individually and on behalf of their minor daughter,<br>identified here as B.R.,<br><br>                      Plaintiffs,<br><br>          -against-<br><br>PANERA LLC, d/b/a PANERA BREAD COMPANY,<br>FRESH UNLIMITED, INC., d/b/a FRESHWAY FOODS,<br>and ANDREW SMITH COMPANY, LLC,<br><br>                      Defendants,<br><br>--and--<br><br>FRESH UNLIMITED, INC. d/b/a FRESHWAY FOODS,<br><br>                      Defendant/Third-Party<br>                      Plaintiff,<br><br>          -against-<br><br>ANDREW SMITH COMPANY, LLC,<br><br>                      Third-Party Defendant.<br>-------------------------------------------------------------------X | **FILED**<br>**CLERK**<br><br>March 8, 2023<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br><br><br>**<u>ORDER</u>**<br><br>2:20-CV-02564 (DG)(JMW) |

**A P P E A R A N C E S:**

Sarah L. Brew
**Faegre Drinker Biddle & Reath LLP**
90 South 7th Street, Suite 2200
Minneapolis, Minnesota 55402

Justin M. Ginter
**Faegre Drinker Biddle & Reath LLP**
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
*For Defendant/Third-Party Plaintiff Fresh*
*Unlimited, Inc., d/b/a Freshway Foods*

1

Kelly A. Waters
**Wood Smith Henning & Berman LLP**
400 Connell Drive, Suite 1100
Berkely Heights, New Jersey 07922
*For Third-Party Defendant Andrew Smith Company, LLC*

**WICKS,** Magistrate Judge:

Before the Court is Third-Party Plaintiff Fresh Unlimited, Inc. d/b/a Freshway Foods' ("Freshway") motion to stay discovery, pursuant to Federal Rule of Civil Procedure 26(c), pending a decision on its anticipated motion for judgment on the pleadings. (DE 126; DE 127). Third-Party Defendant Andrew Smith Company, LLC ("ACS") opposes Freshway's motion and seeks to move forward with discovery. (DE 128.) For the reasons that follow, Freshway's motion to stay discovery is granted in part and denied in part.

I.     **BACKGROUND**

Plaintiffs James and Ann Ruocchio commenced this action on June 9, 2020, to recover damages on behalf of their minor daughter, Brianna Ruocchio,[1] who allegedly consumed romaine lettuce contaminated with *E. coli* from a Panera Bread, LLC ("Panera") restaurant. (DE 1; DE 37.) Plaintiffs alleged that the contaminated lettuce was supplied to Panera by Freshway. (*Id.*) The main action was settled in December 2021. (*See* DE 102.) The third-party action remains.

On August 26, 2020, Freshway filed a Third-Party Complaint against ASC, who allegedly sourced the contaminated romaine and sold it to Freshway. (DE 21.) The lettuce was then allegedly processed and delivered to Panera. (*Id.*) Freshway's third-party claim against ASC is one of breach of contract. (*Id.*) Freshway alleges that ASC has failed to defend and

---

[1] Brianna turned 18 years old during the pendency of this litigation. (*See* DE 113; DE 114.)

2

indemnify Freshway in the litigation from the contaminated lettuce, in breach of its contractual obligation to do so under a Vendor Agreement between Freshway and ASC. (*Id.*) Freshway alleges that ASC has wrongfully refused to reimburse Freshway for damages. (*Id.*) ASC of course denies these allegations and has advanced certain arguments in defense, such as, that there is no causal connection between the Brianna's illness and the romaine process by Freshway and that the Vendor Agreement conflicts with a subsequent, and controlling, Continuing Commodity Guaranty executed by the parties which contains no such indemnity provision. (DE 47; *see* DE 128.)

On May 2, 2022, Freshway filed a letter seeking a pre-motion conference on Freshway's anticipated motion for judgment on the pleadings pursuant to Rule 12(c) ("Rule 12(c) Motion"). (DE 105.) ASC responded and at the Court's direction the parties each filed supplemental papers. (DE 106, 109, 110.) On September 8, 2022, a pre-motion conference was held before the Honorable Diane Gujarati, at which time briefing of the motion was not scheduled but the parties instead agreed to attend a settlement conference before the undersigned.

A settlement conference was held on January 11, 2023, but the parties were unable to come to a resolution. (*See* Electronic Order, dated Jan. 11, 2023.) The parties were instructed to submit a proposed discovery schedule, with the understanding that it was likely that Freshway would be making a motion for a stay of discovery pending the determination of its anticipated Rule 12(c) Motion. (*See id.*; *see also* DE 124; DE 125.) According to a briefing schedule ordered by the Court (*see* Electronic Order, dated Feb. 7, 2023), Freshway's Rule 12(c) Motion will be fully briefed and submitted by March 27, 2023.

The anticipated Rule 12(c) Motion will seek judgment on Freshway's claim that ASC is obligated to reimburse Freshway for its defense costs pursuant to ASC's alleged contractual defense and indemnity obligations. (DE 105.)

In opposition ACS contends that Freshway's claims cannot be decided on the pleadings alone. (DE 106.) ACS asserts that the scope of the indemnity provisions in the relevant agreements, the timing of tenders, and determining which of the competing agreements is applicable are all disputed and require consideration of extrinsic evidence. (*Id.*)

## II. DISCUSSION[2]

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The filing of a dispositive motion in and of itself does not halt discovery obligations. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1(E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

---

[2] The Court's consideration and analysis of the arguments set forth in the Rule 12(c) Motion is purely for purposes of weighing whether a stay should be granted. This analysis should not be construed as the Court prejudging or predicting the outcome of the motion for judgment on the pleadings in any way.

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). In assessing good cause, Courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

Freshway contends that a stay is warranted here because the Rule 12(c) Motion will dispose of the entire case on liability and all that will be left is an inquest on damages. (DE 126.) Further, Freshway believes that the Court can likely assess damages on written submissions and argument, rendering even limited discovery on damages unnecessary. (*Id.*) Freshway asserts that proceeding with discovery prior to disposition of the Rule 12(c) Motion will be a waste of time and resources. (*Id.*) Alternatively, Freshway argues that if the Court is so inclined to permit discovery to proceed, that it should be limited to written discovery on damages. (*Id.*)

In opposition, ACS argues that discovery is necessary for ASC to properly defend against Freshway's claims and even to oppose the Rule 12(c) Motion. (DE 128.) ASC calls for limited and focused discovery targeted on the issues relevant here, such as billing records, the basis for Freshway's indemnity claims, communications and amounts paid to Freshway by insurers, negotiations of the pertinent agreements, and two depositions, one Rule 30(b)(6) witness of Freshway and one of Freshway's disclosed expert. (*Id.*)

Here, as for the first factor, the Court finds "good cause" in light of the arguments raised on the anticipated Rule 12(c) Motion.[3] The arguments Freshway sets forth appear, at least on their face, to make a strong showing that it is entitled to a defense and indemnity of costs by ASC under the Vendor Agreement. (*See* DE 105, 109, 112.) So too the second factor favors a stay as the breadth of discovery on the full scope of Freshway's third-party claims and the corresponding burden of responding would undoubtedly result in unnecessary costs and expenditure of time. This is especially true considering the burden and expense of depositions, such as ASC's anticipated deposition of Freshway's Rule 30(b)(6) and expert witnesses.

Notwithstanding the foregoing, even if Freshway prevails on the Rule 12(c) Motion, only the issue of liability will be resolved, not damages. (*See* DE 128.) This, even assuming Freshway's best-case-scenario, the case will go forward on the issue of damages. To that end, paper discovery on the issue of damages will likely entail an exchange of attorney billing records and related documents, especially being that any settlement amount in this action is already known to both parties, and therefore will result in very minimal burden to the parties.

As to the third factor, to the extent ASC argues it would be prejudiced by a stay because discovery is needed to properly defend against Freshway's claims and oppose Freshway's Rule 12(c) Motion, such argument may be more appropriately made in opposition to Freshway's Rule 12(c) Motion as to why judgment on the pleadings is not warranted. Further, the fact ASC agreed to defer serving certain discovery request over a year ago does not move the proverbial needle. ASC raised this issue when submitting the proposed briefing schedule for the Rule 12(c) Motion, arguing that ASC should not be required to oppose the Rule 12(c) Motion until

---

[3] While the Rule 12(c) Motion is not yet fully briefed and before the Court, Freshway provided the Court with a draft version of its moving papers. (*See* DE 124; Electronic Order, Feb. 3. 2023.) Further, the Court considers the arguments made in the parties' pre-motion letters.

discovery is complete. (DE 123.) Upon consideration, Judge Gujarati entered a briefing schedule.

Finally, the parties' progress on the third-party claim is in its early stages—discovery has not occurred, depositions have not been taken, and the parties have engaged in preliminary settlement. Accordingly, weighing all of the relevant factors, the Court finds that paper discovery[4] on the issue of damages should proceed but that a stay of all other discovery is warranted.

### III. CONCLUSION

Based on the foregoing reasons, good cause exists warranting the issuance of a limited stay of pending the outcome of Freshway's Rule 12(c) Motion. The parties shall proceed with paper discovery on the issue of damages, only. Therefore, the motion to stay (DE 126) is hereby granted in part and denied in part.

Dated: Central Islip, New York
       March 8, 2023

S O  O R D E R E D:

/s/ *James M. Wicks*
      JAMES M. WICKS
United States Magistrate Judge

---

[4] "Paper discovery" of course, refers to interrogatories, document demands, request for admissions and the like, and includes not just "paper" or hard documents but electronically stored information as well.